Case 8:10-cv-00074-SVW-MLG   Document 34-1   Filed 05/03/10   Page 1 of 3

FILED
CLERK U.S. DISTRICT COURT

MAY 1 4 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TOSHIBA CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WISTRON CORPORATION; WISTRONINFOCOMM (TEXAS) CORPORATION; and WISTRON INFOCOMM TECHNOLOGY (AMERICA) CORPORATION,<br><br>　　　　　Defendants.<br><br>WISTRON CORPORATION; WISTRON INFOCOMM (TEXAS) CORPORATION; and WISTRON INFOCOMM TECHNOLOGY (AMERICA) CORPORATION,<br><br>　　　　　Counterclaimants,<br><br>　vs.<br><br>TOSHIBA CORPORATION, and TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br><br>　　　　　Counter-Defendants. | Case No.: SACV 10-00074 SVW (MLGx)<br><br>[PROPOSED] STIPULATED INTERIM LIMITED PROTECTIVE ORDER<br><br>Judge:　Hon. Stephen V. Wilson<br>Room:　Courtroom 6<br>　　　　Spring Street Courthouse<br>　　　　Los Angeles, CA<br><br>Complaint Filed: January 19, 2010<br>Trial Date:　April 26, 2011 at 9:00 AM |

---

PROPOSED STIPULATED INTERIM LIMITED PROTECTIVE ORDER
Case No.: SACV 10-00074 SVW (MLGx)

## ORDER

Where as plaintiff/counterclaim defendant Toshiba Corporation and counter-defendant Toshiba America Information Systems, Inc. (collectively, "Toshiba") and defendant/counterclaimant Wistron Corporation, Inc., ("Wistron") filed a Stipulation For Interim Limited Protective Order Concerning Confidential Patent Agreement ("Stipulation For Interim Limited Protective Order") on May 3, 2010;

Whereas there is currently no protective order entered by the Court in this action;

Whereas Toshiba has requested the production from Wistron of the Patent Agreement between Wistron and Acer Corporation, and Wistron has agreed to produce the Patent Agreement subject to a protective order because Wistron believes that the Patent Agreement contains proprietary, sensitive, and confidential Wistron and third party information such that there is good cause for its production to be subject to a protective order;

Whereas because Toshiba believes it is necessary to receive the Patent Agreement immediately, the Parties entered into the Stipulation for Interim Limited Protective Order for the purpose of production of the Patent Agreement at this time.

Accordingly, for good cause shown, the Court hereby enters the following "Interim Limited Protective Order" as follows:

1.   This Interim Limited Protective Order is applicable to the production of the Patent Agreement and will not be superseded by the entry of a future protective order unless specifically agreed to by the Parties or so ordered by the Court.

2.   The Patent Agreement produced pursuant to the terms of this Interim Limited Protective Order may be disclosed only to outside counsel of record for Toshiba. Outside counsel of record for Toshiba shall not disclose the contents or discuss the terms of the Patent Agreement with any one at Toshiba or any third party unless agreed to by the parties or otherwise ordered by the Court. Nothing in this

1. Interim Limited Protective Order shall bar or otherwise restrict any attorney authorized to view the Patent Agreement from rendering advice to any Party-client and in the course thereof, relying upon such attorney examination of the Patent Agreement; provided, however, that in rendering such advice and in otherwise communicating with such Party-client, the attorney shall not disclose the terms of the Patent Agreement to unauthorized persons.

3. All documents produced pursuant to the terms of this Interim Limited Protective Order shall be marked "Outside Counsel of Record Only – Patent Agreement".

4. Any submission to the Court of the Patent Agreement produced pursuant to this Interim Limited Protective Order must be made under an application to file such documents under seal.

5. Any references to and/or the contents of the Patent Agreement produced pursuant to this Interim Limited Protective Order in any unredacted versions of documents lodged or submitted to this Court must be submitted under seal.

6. This Interim Limited Protective Order is without prejudice to each Party's right to challenge the confidentiality designation of the Patent Agreement once a Protective Order is entered in this action.

IT IS SO ORDERED.

DATED: 5/13/10

_____
Honorable Stephen V. Wilson
United States District Court Judge

8988745
050310