1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

| | |
|---|---|
| 11  TOSHIBA CORPORATION, | Case No. SACV 10-00074 SVW (MLGx) |
| 12            Plaintiff, | **[PROPOSED] PROTECTIVE ORDER** |
| 13       vs. | District Judge:      Stephen V. Wilson |
| | Magistrate Judge:  Marc L. Goldman |
| 14  WISTRON CORPORATION; | |
| WISTRON INFOCOMM (TEXAS) | Complaint Filed:      January 19, 2010 |
| 15  CORPORATION; and WISTRON | Counterclaim Filed:   April 20, 2010 |
| INFOCOMM TECHNOLOGY | Trial Date:              April 26, 2011 |
| 16  (AMERICA) CORPORATION, | |
| 17            Defendants. | |
| 18 | |
| AND RELATED COUNTERCLAIM | |
| 19 | |

20                            **ORDER**

21          For good cause showing, it appears to the satisfaction of the Court that this is a

22   proper case for the entry of a Protective Order pursuant to Rule 26(c) of the Federal

23   Rules of Civil Procedure, to protect the confidential information of Plaintiff and

24   Counterdefendant TOSHIBA CORPORATION ("Plaintiff"), Counterdefendant

25   TOSHIBA AMERICA INFORMATION SYSTEMS, INC. ("Counterdefendant"),

26   Defendants and Counterclaimants WISTRON CORPORATION; WISTRON

27   INFOCOMM (TEXAS) CORPORATION; and WISTRON INFOCOMM

28   TECHNOLOGY (AMERICA) CORPORATION (collectively, "Defendants"), and

nonparties, including nonparty witnesses as may be necessary during the litigation of this case.

**IT IS HEREBY ORDERED:**

During this action, with respect to any information, testimony, documents, or things obtained by Plaintiff, Counterdefendant, or Defendants (collectively, the "Parties") in response to any discovery where such items are asserted to contain or comprise trade secret, confidential, proprietary, or private information, the following procedures shall be employed and following restrictions shall govern:

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve the production of trade secret, confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, it is the purpose of this Protective Order to allow the Parties to have reasonable access to information from the other Parties and from nonparties responding to subpoenas, while protecting the alleged trade secret, confidential, proprietary, or private information under Rule 26(c) of the Federal Rules of Civil Procedure without frequent resort to determinations of discoverability by the Court.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The Parties further acknowledge, as set forth in Section 10, below, that this Order creates no entitlement to file confidential information under seal; L.R. 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when an applicant seeks permission from the Court to file material under seal.

/ / /

/ / /

/ / /

## 2.   **DEFINITIONS**

2.1   <u>Party</u>:  means any of the parties to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>:  means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   <u>Source Code:</u>  means human-readable programming language text that defines software, firmware, or electronic hardware descriptions (hereinafter referred to as "Source Code").  Text files containing Source Code shall hereinafter be referred to as "Source Code Files."  Source Code Files include, but are not limited to, files containing Source Code in "C," "C++," assembler, VHDL, Verilog, and digital sensor processor (DSP) programming languages.  Source code files further include ".include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP.

2.4   <u>"Confidential" Information or Items</u>:  means information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure.  This designation includes, but is not limited to, information that the Designating Party:  (a) would not normally reveal to third parties except in confidence; (b) has undertaken with others to maintain in confidence; or (c) believes in good faith is confidential or protected by any right to privacy guaranteed by the laws of the United States or California or any other applicable privilege or right related to confidentiality or privacy.  This designation does not include information that was publicly known prior to disclosure, or that, after disclosure, becomes publicly known as a result of publication by one having the right to do so.

1    2.5    "Highly Confidential – Attorneys' Eyes Only" Information or

2    Items:  means extremely sensitive "Confidential Information or Items" whose

3    disclosure to another Party or nonparty would create a substantial risk of serious

4    injury that could not be avoided by less restrictive means.  Information may also be

5    designated "Highly Confidential – Attorneys' Eyes Only" if the Designating Party

6    believes in good faith that the information is significantly sensitive, including, but not

7    limited to, trade secret or other confidential research; development, financial, or other

8    commercial information; financial data; customer and supplier information;

9    marketing strategies and information; strategic business information including,

10   without limitation, business plans, manufacturing information, cost information, or

11   logistical information; licensing information, including, without limitation, license

12   agreements and information regarding negotiations of such license agreements;

13   regulatory information; technical or scientific information including, without

14   limitation, technical data, research and development data, product manufacturing

15   data, technical specifications, and technical know-how; any information that affords

16   the producing party an actual or potential material economic advantage over others;

17   or other information protected by any right to privacy guaranteed by the laws of the

18   United States or California, such that disclosure to another Party or nonparty would

19   create a significant risk of material injury.  This designation does not include

20   information that was publicly known prior to disclosure, or that, after disclosure,

21   becomes publicly known as a result of publication by one having the right to do so.

22   2.6    "Highly Confidential – Source Code" Information or Items:

23   means extremely sensitive "Confidential Information or Items" representing Source

24   Code and associated comments and revision histories, formulas, engineering

25   specifications, or schematics that define or otherwise describe in detail the algorithms

26   or structure of software or hardware designs, disclosure of which to another Party or

27   nonparty would create a substantial risk of serious harm that could not be avoided by

28   less restrictive means.

- 4 -

2.7    <u>Receiving Party</u>:  means a Party that receives Disclosure or Discovery Material from a Producing Party.

2.8    <u>Producing Party</u>:  means a Party or nonparty that produces Disclosure or Discovery Material in this action.

2.9    <u>Designating Party</u>:  means a Party or nonparty that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.10    <u>Protected Material</u>:  means any Disclosure or Discovery Material that is designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or as "Highly Confidential – Source Code."

2.11    <u>Outside Counsel</u>:  means attorneys who are counsel of record and who reside and are located in the United States (as well as their support staffs).

2.12    <u>House Counsel</u>:  means attorneys who are employees of a named Party in this lawsuit.

2.13    <u>Counsel (without qualifier)</u>:  means Outside Counsel and House Counsel (as well as their support staffs).

2.14    <u>Expert</u>:  means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action consistent with the procedure set forth in Section 7.5, below, who resides and is located in the United States, who is not a current employee of a Party, and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.15  <u>Professional Vendors</u>:  means persons or entities that are located in the United States and provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

/ / /

PROTECTIVE ORDER           Case No.: SACV 10-00074 SVW (MLGx)

3. **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

The restrictions as to use or dissemination of Protected Material, set forth in any of the preceding paragraphs, shall not apply as to:  (a) any information that at the time of the designation under this Order is available to the general public; (b) any information that after designation under this Order becomes available to the public through no act, or failure to act, attributable to the Receiving Party or its Counsel; and (c) any information that the Receiving Party, its Counsel, or any recipient of Protected Material under this Order can show as a matter of written record was already known to the Receiving Party or the public through means other than by a violation of this Order, a confidentiality contract or agreement, or any violation of Federal or state law.  The Party asserting exceptions (a) through (c), above, and any others, to this paragraph shall bear the burden of proof thereof.

4. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those materials, documents, items, or oral or written communications that qualify – so that other materials, documents, items, or

PROTECTIVE ORDER                              Case No.: SACV 10-00074 SVW (MLGx)

1   communications for which protection is not warranted are not swept unjustifiably
2   within the ambit of this Order.

3   Mass, indiscriminate, or routinized designations are prohibited.
4   Designations that are shown to be clearly unjustified, or that have been made for an
5   improper purpose (*e.g.*, to encumber or inhibit the case development process
6   unnecessarily, or to impose unnecessary expenses and burdens on other Parties),
7   expose the Designating Party to sanctions.

8   If it comes to the attention of a Party or a nonparty that information or
9   items that it designated for protection do not qualify for protection at all, or do not
10  qualify for the level of protection initially asserted, then that Party or nonparty must
11  promptly notify all other Parties that it is withdrawing the mistaken designation.

12  5.2   <u>Manner and Timing of Designations</u>. Except as otherwise
13  provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a), below), or as
14  otherwise stipulated or ordered, material that qualifies for protection under this Order
15  must be clearly so designated before the material is disclosed or produced.

16  Designation in conformity with this Order requires:

17  (a) <u>for information in documentary form (apart from transcripts of</u>
18  <u>depositions or other pretrial or trial proceedings)</u>, that the Producing Party affix the
19  legend "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Highly
20  Confidential – Source Code" at the top or bottom of each page that contains protected
21  material.

22  A Party or nonparty that makes original documents or materials
23  available for inspection need not designate them for protection until after the
24  inspecting Party has indicated which material it would like copied and produced.
25  During the inspection and before the designation, all of the material made available
26  for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only."  After
27  the inspecting Party has identified the documents it wants copied and produced, the
28  Producing Party must determine which documents, or portions thereof, qualify for

- 7 -

protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code") at the top or bottom of each page that contains Protected Material at its expense.  Said designation must be made by the Producing Party within fourteen (14) calendar days of copying.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or nonparty offering or sponsoring the testimony identify on the record, before the end of the day of the deposition, hearing, or other proceeding, all protected testimony.  In the alternative, if the Party or nonparty offering or sponsoring the testimony does not make such a designation before the end of the day of the deposition, then (1) within five (5) court days after the end of the day of the deposition, the Party or nonparty offering or sponsoring the testimony may designate any portion of the transcript as Protected Material under this Order with reference to the pages and lines of testimony in the transcript (if the transcript is available in rough form), by so advising the deposition reporter (who shall indicate the designations in the transcript) and all parties in writing; and (2) the deposition reporter and all parties shall treat the transcript as "Highly Confidential – Attorneys' Eyes Only" during the five (5) court days after the end of the day of the deposition until the Party or nonparty offering or sponsoring the testimony makes such designation.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or nonparty offering or sponsoring the testimony may designate the entire transcript as Protected Material.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Highly

/ / /

PROTECTIVE ORDER                    Case No.: SACV 10-00074 SVW (MLGx)

1  Confidential – Source Code," as instructed by the Party or nonparty offering or

2  sponsoring the witness or presenting the testimony.

3           A Designating Party shall have the right to exclude from

4  attendance during any part of a deposition any person other than those persons

5  identified in Section 7.2 or 7.3 upon an objection that the Protected Information

6  and/or Materials subject to testimony is "Confidential" or "Highly Confidential –

7  Attorneys' Eyes Only" or "Highly Confidential – Source Code," if it is reasonably

8  expected that the testimony during that part of the deposition will disclose such

9  information and/or materials.

10           Notwithstanding anything to the contrary in this Order, any

11  deponent may review the transcript of his own deposition in compliance with the

12  Federal Rules of Civil Procedure.

13           (c) <u>for information produced in some form other than</u>

14  <u>documentary</u>, and for any other tangible items, that the Producing Party affix in a

15  prominent place on the exterior of the container or containers in which the

16  information or item is stored the legend "Confidential," "Highly Confidential –

17  Attorneys' Eyes Only" or as "Highly Confidential – Source Code."

18           5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an

19  inadvertent failure to designate qualified information or items as "Confidential,"

20  "Highly Confidential – Attorneys' Eyes Only" or as "Highly Confidential – Source

21  Code" does not, standing alone, waive the Designating Party's right to secure

22  protection under this Order for such material.  If material is appropriately designated

23  after the material was initially produced, then the Receiving Party, on timely

24  notification of the designation, must make reasonable efforts to assure that the

25  material is treated in accordance with the provisions of this Order, and it must use its

26  best efforts to retrieve any Protected Material from any person not eligible to receive

27  Protected Material under this Order.

28  / / /

If a Receiving Party receives materials that have not been designated "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code," but that the Receiving Party has reason to believe are subject to such a designation, then the Receiving Party shall notify the Producing Party of its receipt of such materials and inquire as to its proper designation under this Order.  If any person required to produce documents inadvertently produces any Protected Material without marking it with an appropriate legend, then the Producing Party may give written notice to the Receiving Party, including appropriately stamped copies of the Protected Material, that the document, thing, or response is deemed Protected Material and should be treated as such in accordance with the provisions of this Order.

## 6.   DESIGNATION NOT DETERMINATIVE OF STATUS - RIGHT TO CHALLENGE

The designation of Discovery Material as "Protected Material" shall not be taken as a determination or admission by any Party that such Discovery Material is in fact protectable as a trade secret or otherwise.  The designation of Discovery Material as being Protected Material does not alter or enhance the nature of that Discovery Material or its confidentiality or create a non-challengeable presumption of confidentiality.

6.1   Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Notice of Objection.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by serving a written notice of objection, which shall identify the

- 10 -

specific Protected Materials as to which the designation is challenged and state a basis for each challenge ("Notice of Objection").  Service of a Notice of Objection shall be made by facsimile or by email to Outside Counsel of the Designating Party.

6.3    <u>Meet and Confer</u>.  Within seven (7) calendar days after service of a Notice of Objection, the Parties shall meet and confer regarding the challenging Party's objections by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient).  In conferring, the Designating Party must make a good faith effort to explain the basis for its belief that the confidentiality designation was proper.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or if it establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.4    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation, may file and serve a motion and joint stipulation pursuant to L.R. 7 and L.R. 37 (and in compliance with L.R. 79-5, if applicable) and this Court's Standing Orders.  In the event of a motion to change the designation, the material at issue may be submitted to the Court for *in camera* inspection.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a nonparty in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14, below.

- 11 -

1      All Protected Material and copies thereof must be stored and maintained
2  by a Receiving Party or Expert at a location in the continental United States in a
3  secure manner that ensures that access is limited to the persons authorized under this
4  Order.

5      7.2    Disclosure of "Confidential" Information or Items.  Unless
6  otherwise ordered by the Court or permitted in writing by the Designating Party, a
7  Receiving Party may disclose "Confidential" Information and Items only to the
8  following individuals:

9      (a) the Receiving Party's Outside Counsel;

10      (b) no more than three officers, directors, employees, or House
11  Counsel per side (1) to whom disclosure is reasonably necessary for this litigation;
12  (2) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);
13  and (3) as to whom the procedures set forth in Sections 7.4 below, have been
14  followed.

15      (c) Experts of the Receiving Party, provided that (1) disclosure is
16  reasonably necessary for this litigation and disclosure is only to the extent necessary
17  to perform such work; (2) the Producing Party is provided with the name and
18  *curriculum vitae* of the Expert and an executed copy of the "Agreement to Be Bound
19  by Protective Order" (Exhibit A), in advance of providing any "Confidential"
20  Information or Items of the Producing Party to the Expert; and (3) the procedures set
21  forth in Section 7.5, below, have been followed;

22      (d) the Court and its personnel, its technical advisor (if one is
23  appointed), and mediators;

24      (e) court reporters, professional vendors, and professional jury or
25  trial consultants to whom disclosure is reasonably necessary for this litigation and
26  who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

27      (f) persons who appear on the face of Protected Materials as an
28  author, addressee, recipient, or source thereof, so long as the materials remain in the

- 12 -

1   possession, custody, or control of Outside Counsel or the Party who produced and

2   designated the Protected Material when reviewing them, with no copies or notes

3   being made.

4           7.3     Disclosure of "Highly Confidential – Attorneys' Eyes Only" and

5   "Highly Confidential – Source Code" Information or Items.  Unless otherwise

6   ordered by the court or permitted in writing by the Designating Party, a Receiving

7   Party may disclose any information or item designated "Highly Confidential –

8   Attorneys' Eyes Only" or "Highly Confidential – Source Code" only to the following

9   individuals:

10          (a) the Receiving Party's Outside Counsel;

11          (b) Experts of the Receiving Party, provided that (1) disclosure is

12   reasonably necessary for this litigation and disclosure is only to the extent necessary

13   to perform such work; (2) the Producing Party is provided with the name and

14   *curriculum vitae* of the Expert and an executed copy of the "Agreement to Be Bound

15   by Protective Order" (Exhibit A), in advance of providing any "Highly Confidential –

16   Attorneys' Eyes Only" or "Highly Confidential – Source Code" Information or Items

17   of the Producing Party to the Expert; and (3) the procedures set forth in Section 7.5,

18   below, have been followed;

19          (c) the Court and its personnel, its technical advisor (if one is

20   appointed), and mediators;

21          (d) court reporters, professional vendors, and professional jury or

22   trial consultants to whom disclosure is reasonably necessary for this litigation and

23   who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

24          (e) persons who appear on the face of Protected Materials as an

25   author, addressee, recipient, or source thereof, so long as the materials remain in the

26   possession, custody, or control of Outside Counsel or the Party who produced and

27   designated the Protected Material when reviewing them, with no copies or notes

28   being made.

PROTECTIVE ORDER                    Case No.: SACV 10-00074 SVW (MLGx)

7.4     Procedures for Approving Disclosure of "Confidential" Information or Items to House Counsel and Officers and Employees of a Receiving Party:

(a) Unless otherwise ordered by the Court or agreed in writing by the Parties, each side (*i.e.*, Plaintiff and Counterdefendant, on the one hand, and Defendants, on the other hand) may each identify no more than three officers, employees, or House Counsel to whom the Party will be disclosing information or items that have been designated "Confidential" by sending written notice (by fax and email) to Outside Counsel of every other Party that sets forth:  (1) the identity of such House Counsel, officer, or employee (including full name, title, professional address, professional affiliations, and all other present employment and/or consultancies); and (2) a certification by the Party that disclosure is reasonably necessary for this litigation and that each identified House Counsel, officer, or employee has signed the "Agreement to Be Bound by Protective Order" (Exhibit A) and has agreed that he or she will not use such materials for purposes other than advising in this litigation.

(b) Each Party receiving such notice shall have fourteen (14) calendar days to object to the disclosure of any information or item that the Party has designated "Confidential" by sending a written objection (by fax and email) to Outside Counsel of the Party that provided the notice.  The Parties shall then meet and confer by telephone or written correspondence to resolve the dispute.  If no resolution is reached within seven (7) calendar days of receipt of the objection, then (1) any Party to the dispute may seek resolution from the Court pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court; and (2) the Party providing such notice shall not disclose any "Confidential" Information or Items to the House Counsel, officer, or employee unless and until the Court enters an Order permitting such disclosure.

/ / /

/ / /

PROTECTIVE ORDER                    Case No.: SACV 10-00074 SVW (MLGx)

7.5   <u>Procedures for Approving Disclosure of "Highly Confidential – Attorneys' Eyes Only" And "Highly Confidential – Source Code" Information or Items to Experts</u>:

(a) Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" first must make a written request to the Designating Party that:  (1) sets forth the full name of the Expert and the city and state of his or her primary residence; (2) attaches a copy of the Expert's current resume or *curriculum vitae*; (3) identifies the Expert's current employer(s); (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five (5) years; and (5) identifies (by name and number of the case, filing date, and location of Court) any litigation in connection with which the Expert has provided any professional services during the preceding five (5) years.  The Parties shall not have any obligation under this Order to identify which Protected Materials are provided to Experts unless required to do so by Court Order, by the Federal Rules of Civil Procedure, or the Local Rules of the Court.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within ten (10) court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, then within five (5) court days following its objection, the Designating Party seeking to prevent the

- 15 -

PROTECTIVE ORDER                    Case No.: SACV 10-00074 SVW (MLGx)

1  disclosure to the Expert may file a motion as provided in L.R. 7 (and in compliance

2  with L.R. 79-5, if applicable) seeking an order prohibiting the disclosure at issue.

3  Any such motion must describe the circumstances with specificity, set forth in detail

4  the Designating Party's reasons for its refusal to approve the disclosure, assess the

5  risk of harm that the disclosure would entail, and suggest any additional means that

6  might be used to reduce that risk.  In addition, any such motion must be accompanied

7  by a competent declaration in which the movant describes the Parties' efforts to

8  resolve the matter by agreement (*i.e.*, the extent and the content of the meet and

9  confer discussions) and sets forth the reasons advanced by the Party opposing

10  disclosure for why disclosure to the Expert should not be given.  If an objection and

11  motion to the Court is timely made, then no Protected Material shall be made

12  available to the Expert until after the Court rules that disclosure can be made.

13  (d) In any such proceeding, the Party opposing disclosure to the

14  Expert shall bear the burden of proving that the risk of harm that the disclosure would

15  entail (under the safeguards proposed) outweighs the Receiving Party's need to

16  disclose the Protected Material to its Expert.

17  (e) In addition to the foregoing, each Expert to whom any

18  Protected Material will be disclosed shall, prior to disclosure of such material,

19  execute the Certification of Consultant in the form attached as Exhibit B hereto.

20  Outside Counsel who makes any disclosure of Protected Materials shall retain each

21  original executed Certification of Consultant and, upon written request, shall circulate

22  copies to all Outside Counsel at the termination of this action.

23  **8.   SOURCE CODE**

24  8.1  If requested, and to the extent it exists, is relevant, and is within

25  the supplier's possession, custody, or control, Source Code, or portions thereof, shall

26  be produced and/or made available for inspection as set forth below:

27  (a) Any Source Code from files containing Source Code will be

28  made available for inspection electronically and in "read-only" text searchable form

PROTECTIVE ORDER                    Case No.: SACV 10-00074 SVW (MLGx)

on a stand-alone, non-networked personal computer running Microsoft Windows XP, Microsoft Windows Vista, or Microsoft Windows 7 ("Source Code Computer").  The supplier shall install, on the Source Code Computer, tools that are sufficient for viewing and searching the Source Code produced, if such tools exist and are presently used in the ordinary course of the supplier's business.  The receiving party's outside counsel and/or technical experts may request that commercially available software tools for viewing and searching the Source Code be installed on the Source Code Computer.  The receiving party must provide the supplier with the CD or DVD containing such licensed software tool(s) at least two (2) court days in advance of the date upon which the receiving party wishes to have the additional software tool(s) available for use on the Source Code Computer.

(b) The Source Code Computer will be made available for review in a secure, access controlled facility ("secure facility") at the offices of the supplier's outside counsel.  Source Code will be made available during regular business hours (9:00 a.m. to 6:00 p.m. local time) on two (2) court days' notice.  Inspection by the receiving party's outside counsel and/or technical experts approved under this protective order may be subject to additional, reasonable security measures by the supplier (e.g., the supplier may require presentation of photo identification by representatives of the receiving party prior to permitting inspection).

(c) A list of names of persons who will view the Source Code will be provided to the supplier in conjunction with any written (including email) notice requesting inspection.  All persons viewing Source Code shall sign a log on each day they view Source Code; such log will include the names of persons who enter the locked room to view the Source Code and the respective times at which each person(s) entered and departed.  The supplier shall be entitled to a copy of the log. The log shall not be admissible for use at trial in this matter.

(d) Unless otherwise agreed in advance by the parties and in writing, following each day on which inspection is conducted under this protective

- 17 -

1  order, the receiving party's outside counsel and/or technical experts shall remove all

2  notes, documents, and all other materials from the room that may contain work

3  product and/or attorney-client privileged information.  The supplier shall not be

4  responsible for any items left in the room following each inspection session.

5  (e) No outside electronic devices, including but not limited to

6  laptop computers, floppy drives, USB memory or drives, zip drives, or other

7  hardware shall be permitted in the secure facility without prior consent of the parties.

8  Nor shall any cellular telephones, personal digital assistants (PDAs), BlackBerries,

9  cameras, voice recorders, Dictaphones, telephone jacks or other devices be permitted

10  inside the secure facility.  Nor shall any non-electronic devices capable of similar

11  functionality be permitted in the secure facility.

12  (f) The receiving party's outside counsel and/or technical experts

13  shall be entitled to take notes relating to the Source Code.  Those notes shall be

14  subject to the restriction of this protective order and maintained in a secure location.

15  Only those persons entitled to access "Highly Confidential—Source Code" may have

16  access to such notes.  No copies of all or any portion of the Source Code may leave

17  the room in which the Source Code is inspected, except as otherwise expressly

18  provided herein or agreed to by the parties in writing.  Further, no other written or

19  electronic record of the Source Code is permitted except as otherwise expressly

20  provided herein or agreed to by the parties in writing.

21  (g) No electronic copies of Source Code will be made.  The

22  receiving party's outside counsel and/or technical experts will be allowed to select

23  documents that they believe are necessary to facilitate the receiving party's

24  preparation of the case, including when reasonably necessary to prepare any filing

25  with the Court or to serve any pleadings or other papers on any other party; to prepare

26  internal work product materials; or to prepare other necessary case materials such as

27  testifying expert reports, consulting expert written analyses, and related drafts and

28  correspondences.  The receiving party's outside counsel and/or technical experts will

- 18 -

1   provide the supplier with a list of filenames of the Source Code to be provided on

2   paper.  Thereafter, the supplier shall Bates number and label "Highly Confidential—

3   Source Code" on all paper copies of Source Code to be provided to the receiving

4   party's outside counsel within five (5) court days of receiving the request.  In

5   addition, the supplier will also provide an additional copy of the Source Code

6   documents to the receiving party's technical experts approved under this protective

7   order within five (5) court days of receiving the request.

8           (h) Any selection of Source Code filenames the receiving party

9   opts to submit to the supplier may not be done in such volume as to circumvent the

10  purpose of protecting the Source Code to the fullest extent possible.  That is, while

11  there is no hard limit to the number of filenames the receiving party may select, any

12  selecting shall be limited to a reasonable amount that does not transform what is

13  intended to be an on-line electronic review of the Source Code into an off-line review

14  of paper copies of the Source Code.

15          8.2     Any and all such paper copies shall be designated "Highly

16  Confidential—Source Code" and shall be provided with the protections contained in

17  the Protective Order for "Highly Confidential – Attorneys' Eyes Only", as well as the

18  following protections:

19          (a) No subsequent copies shall be made of the paper copies of

20  Source Code provided by the producing party to the receiving party, except that paper

21  copies of Source Code may be copied by the receiving party's outside counsel and

22  used as exhibits in this lawsuit for a deposition, expert report, motion, or trial,

23  provided that such copies are kept within a secure container during transport to and

24  from any deposition, or trial, or for service, and are otherwise kept in a secure

25  container at the offices of the receiving party's outside counsel or at the office of a

26  technical expert approved under this protective order.  Hard copies of the Source

27  Code may not be converted into an electronic document, and may not be scanned or

28  subjected to optical character recognition ("OCR") technology;

- 19 -

(b) Absent express written permission from the supplier, the receiving party may not create electronic images, or any other images, or make electronic copies (including for emailing), of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the receiving party may not scan the Source Code to a PDF or photograph the code).

(c) The receiving party may, in this lawsuit, include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, other document submitted to the Court in connection with a motion or other proceeding within the purview of this lawsuit, or any draft of these documents ("Source Code Documents").  The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.

(d) To the extent portions of Source Code are quoted in a Source Code Document, either (i) the entire document will be stamped and treated as "Highly Confidential—Source Code" or (ii) those pages containing quoted Source Code will be separately bound, and stamped and treated as "Highly Confidential—Source Code."  Any "Highly Confidential—Source Code" documents submitted to the Court shall be submitted under seal.

(e) Within ninety (90) calendar days after the final termination of this action, all such Source Code must be destroyed without the maintenance of any copies in any files of any party or their counsel, notwithstanding anything in Protective Order that might otherwise allow attorneys of record to maintain a copy of any Source Code in its files;

(f) All parties and their counsel having access to such Source Code must certify in writing the destruction of such Source Code by the end of the 90-day period expressed above.

8.3    Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this case.  No person shall

- 20 -

1  review or analyze any Source Code for purposes unrelated to this case, nor may any

2  person use any knowledge gained as a result of reviewing Source Code in this case in

3  any other pending or future dispute, proceeding, or litigation.

4  **9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED**

5  **PRODUCED IN ANOTHER LITIGATION**

6  　　　　If a Receiving Party is served with a subpoena or a Court Order issued in other

7  litigation that would compel disclosure of any information or items designated in this

8  action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Highly

9  Confidential – Source Code," then the Receiving Party must immediately so notify

10  the Designating Party, in writing (by email or fax, if possible), and in no event more

11  than five (5) court days after receiving the subpoena or Court Order.  Such

12  notification must include a copy of the subpoena or Court Order.

13  　　　　The Receiving Party also must immediately inform, in writing, the party who

14  caused the subpoena or Court Order to issue in the other litigation that some or all the

15  material covered by the subpoena or Court Order is the subject of this Protective

16  Order.  In addition, the Receiving Party must deliver a copy of this Protective Order

17  promptly to the party in the other action that caused the subpoena or Court Order to

18  issue.

19  　　　　The purpose of imposing these duties is to alert the interested parties to the

20  existence of this Protective Order and to afford the Designating Party in this litigation

21  an opportunity to try to protect its confidentiality interests in the Court from which

22  the subpoena or Court Order issued.  The Designating Party shall bear the burdens

23  and the expenses of seeking protection in that Court of its confidential material – and

24  nothing in these provisions should be construed as authorizing or encouraging a

25  Receiving Party in this action to disobey a lawful directive from another Court.

26  **10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

27  　　　　If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

28  Protected Material to any person or in any circumstance not authorized under this

Protective Order, then the Receiving Party must immediately:  (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with L.R. 79-5 and this Court's Standing Orders.

Nothing in this Order shall prevent a Party or its attorney from using any Protected Material:  (a) at a deposition of the Producing Party; (b) at a hearing; (c) to prepare for and conduct discovery in this action; (d) to support or oppose any motion made in this action; (e) to prepare for trial; (f) during trial; or (g) during any appeal. Under these circumstances, the use of Protected Material shall be subject to this Order, the Federal Rules of Civil Procedure, the Local Rules, and the Standing Orders of this Court.  The Parties will cooperate in approaching the Court for the purpose of sealing proceedings if necessary to prevent the public disclosure of Protected Materials.

## 12.   DESIGNATED MATERIALS OBTAINED THROUGH A SUBPOENA

Where a Party serves a subpoena that compels disclosure of any information or items that may constitute another Party's "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" materials, upon receipt of any such materials in response to a subpoena, the subpoenaing Party shall temporarily treat such materials as "Confidential – Attorneys' Eyes Only."  The

- 22 -

1  subpoenaing Party shall within five (5) court days after receiving any such materials

2  provide copies to the other Party who will then have ten (10) court days to designate

3  any such materials in accordance with the terms of the Protective Order or such

4  materials will be deemed to be non-confidential.

5  **13.   <u>FINAL DISPOSITION</u>**

6  Unless otherwise ordered or agreed in writing by the Producing Party, within

7  sixty (60) calendar days after the final termination of this action, each Receiving

8  Party must destroy or return all Protected Material to the Producing Party.  As used in

9  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

10  summaries, or any other form of reproducing or capturing any of the Protected

11  Material.  With permission in writing from the Designating Party, the Receiving Party

12  may destroy some or all of the Protected Material instead of returning it.  Whether the

13  Protected Material is returned or destroyed, the Receiving Party must submit a

14  written certification to the Producing Party (and, if not the same person or entity, to

15  the Designating Party) by the 60-day deadline that identifies (by category, where

16  appropriate) all the Protected Material that was returned or destroyed and that affirms

17  that the Receiving Party has not retained any copies, abstracts, compilations,

18  summaries, or other forms of reproducing or capturing any of the Protected Material.

19  Notwithstanding this provision, Outside Counsel are entitled to retain an

20  archival copy of all pleadings, motion papers, transcripts, legal memoranda,

21  correspondence, and attorney work product, even if such materials contain Protected

22  Material.  Any such archival copies that contain or constitute Protected Material

23  remain subject to this Protective Order as set forth in Section 4, above.

24  Further, any Expert that is provided Protected Material must cooperate with

25  Outside Counsel in the return or destruction of all such Protected Material in their

26  possession, custody, or control and must ensure that such material is returned or

27  destroyed within five (5) court days of the termination of the action or the termination

28  of their consultancy, which ever occurs first.  Any Expert shall certify his or her

- 23 -

compliance with this provision and shall deliver such certification to Outside Counsel for the Party to whom he or she has provided services no more than five (5) court days after complying with his or her obligations hereunder.  Outside Counsel shall promptly deliver a copy of such certification to Outside Counsel for the Designating Party.

## 14.   **MISCELLANEOUS**

14.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   Right to Assert Other Objections.  Entry of this Order does not result in the waiver of any right that a Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party will be deemed to have waived any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3   Use of Protected Materials by Designating Party.  Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure of confidential information or documents is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

14.4   Client Communication.  Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Protected Material.  In rendering such advice and otherwise communicating with the client, however, Counsel shall not make specific disclosure of any Protected Materials, except as permitted by this Protective Order.

14.5   Inadvertent or Unintentional Disclosure of Discovery Materials Subject to Work Product Protection or Privilege.  The production of any documents,

1    information, or other materials shall not constitute a waiver of the attorney-client

2    privilege, attorney work product doctrine, or any other legal privilege or immunity if,

3    as soon as reasonably possible after the Producing Party becomes aware of its

4    inadvertent or unintentional disclosure of privileged materials, the Producing Party

5    designates such materials as within the attorney-client privilege, work product

6    immunity, or other legal privilege or immunity and requests return of those materials

7    to the Producing Party.  Upon request by the Producing Party, the Receiving Party

8    shall immediately return all copies of such inadvertently produced materials and shall

9    destroy all notes or other work product reflecting the contents of such materials, and

10   shall delete such materials from any litigation-support or other database.  Nothing

11   herein shall prevent the Receiving Party from retaining one copy of the disputed

12   materials to challenge the proprietary of the attorney-client privilege or work product

13   immunity designation by submitting a written challenge to the Court within ten (10)

14   court days of being notified of the inadvertent disclosure in compliance with the

15   Federal Rules of Civil Procedure and the Local Rules of this Court.

16        If a Party receives from another Party any document or information that the

17   Receiving Party reasonably believes is subject to the attorney-client privilege or

18   attorney work product doctrine, then the Receiving Party shall promptly notify the

19   Producing Party of the potential inadvertent disclosure.  Upon request by the

20   Producing Party, the Receiving Party shall immediately return all copies of such

21   inadvertently produced materials and shall destroy all notes or other work product

22   reflecting the contents of such materials, and shall delete such materials from any

23   litigation-support or other database.  Nothing herein shall prevent the Receiving Party

24   from challenging the proprietary of the attorney-client privilege or work product

25   immunity designation by submitting a written challenge to the Court in compliance

26   with the Federal Rules of Civil Procedure and the Local Rules of this Court.

27        14.6   Admissibility.  Unless all Parties stipulate otherwise, evidence of

28   the existence or nonexistence of a designation under this Order shall not be

- 25 -

PROTECTIVE ORDER                    Case No.: SACV 10-00074 SVW (MLGx)

1  admissible for any purpose during any proceeding on the merits of this action.

2  Additionally, nothing contained herein shall be construed as a waiver of any

3  objection which might be raised as to the admissibility of any evidentiary material at

4  trial or any other evidentiary proceeding.

5               14.7  <u>Modification</u>; Addition of Parties to This Protective Order.

6               (a) All Parties reserve the right to seek modification of this

7  Protective Order at any time for good cause.  The Parties agree to meet and confer

8  prior to seeking to modify this Protective Order for any reason.  The restrictions

9  imposed by this Protective Order may only be modified or terminated by written

10  stipulation of all Parties or by order of this Court.

11               (b) In the event that a new party is added, substituted, or brought

12  in, this Order will be binding on and inure to the benefit of the new party, subject to

13  the right of the new party to seek relief from or modification of this Order.

14             14.8  <u>Protection of Nonparties</u>.  A nonparty producing information or

15  material voluntarily or pursuant to a subpoena or a Court Order may designate

16  material or information with the appropriate designation pursuant to the terms of this

17  Order, and such nonparty shall be entitled to all rights and protections afforded to a

18  Designating Party as defined in this Order upon executing a written agreement

19  (Exhibit A) to be bound hereto.  However, a nonparty's use of this Order and/or the

20  execution of such an agreement to be bound to protect its Protected Material does not

21  entitle that nonparty access to Protected Material produced by any other Party or

22  nonparty.

23            14.9  <u>Export Control</u>.  Disclosure of Protected Material shall be subject

24  to all applicable laws and regulations relating to the export of technical data

25  contained in such Protected Material, including the release of such technical data to

26  foreign persons or nationals in the United States or elsewhere.  The Producing Party

27  shall be responsible for identifying any such controlled technical data, and the

28  Receiving Party shall take measures necessary to ensure compliance.

PROTECTIVE ORDER              Case No.: SACV 10-00074 SVW (MLGx)

14.10 <u>No Contract</u>.  This Order shall not be construed to create a contract between the Parties or between the Parties and their respective Counsel

14.11 <u>Federal Rules of Civil Procedure.</u>  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's Standing Orders.

14.12 <u>Limitations on Expert Discovery</u>.  An Expert's draft reports, notes, outlines, and any other writings leading to his or her report(s) in this litigation are exempt from discovery.  In addition, all communications with, and all materials generated by, an Expert with respect to his or her work, are exempt from discovery unless relied upon by the Expert in forming his or her opinions.

14.13 <u>Documents And Things Produced in the Related ITC Action</u>.  Documents and things produced by the Parties in the related International Trade Commission Investigation, Investigation No. 337-TA-705, are deemed produced in this litigation and need not be reproduced in this litigation.  Moreover, the designation of materials in the ITC Action as "Confidential Business Information" will be treated as if produced with the "Highly Confidential – Attorneys' Eyes Only" designation, and the designation of materials in the ITC Action as "Confidential Business Information – Source Code" will be treated as if produced with the "Highly Confidential – Source Code" designation.

**IT IS SO ORDERED.**

Dated:  <u>July 16, 2010</u>

MARC L. GOLDMAN
UNITED STATES MAGISTRATE JUDGE_

- 27 -

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare as follows:

1. I currently reside at _____.

2. I am employed as _____

by _____.

3. I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California, Western Division, in the case of Toshiba Corporation v. Wistron Corporation, *et al.*, Case No. SACV 10-00074 SVW (MLGx).

4. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

5. I solemnly promise that I will not review, discuss, use or disclose any materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" in any manner to any person or entity except in strict compliance with the provisions of this Protective Order and will use such materials only for the purpose of this action.

6. I understand and agree that all Protected Material and copies thereof, as well as work product generated therefrom must be stored and maintained in a secure manner that ensures that access is limited to the persons authorized under this Order.

7. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction and venue of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

8. I understand and agree that any disclosure or use of material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" in any manner contrary to the provisions of the

1  Protective Order may subject me to sanctions for contempt of court and other

2  sanctions.

3       9.    I understand and agree that within ten (10) court days after a request by

4  Outside Counsel for the Party for which I have provided services, the termination of

5  my consultancy or the termination of this action, which ever occurs first, I must

6  return or destroy all Designated Material in my possession, custody, or control to

7  Outside Counsel for the Party for which I have provided services.  I further

8  understand and agree that I shall certify my compliance with this requirement and

9  shall deliver such certification to Outside Counsel for the Party that I have provided

10  services for no more than ten (10) court days after complying with the

11  aforementioned obligation.

12      I declare under the penalty of perjury of the laws of the United States of

13  America that the foregoing is true and correct.

14      Executed this __ day of _____, 2010 in _____, _____

15  U.S.A.:

16

17  By:  _____

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER          Case No.: SACV 10-00074 SVW (MLGx)

**EXHIBIT B**

**CERTIFICATION OF EXPERT/CONSULTANT**

I, the undersigned, hereby certify that I have read the Protective Order entered in the United States District Court for the Central District of California, Western Division, in the case of <u>Toshiba Corporation v. Wistron Corporation, *et al.*</u>; United States District Court for the Central District of California, Western Division, Case No. SACV 10-00074 SVW (MLGx) and that I have executed a copy of Exhibit A - the Acknowledgement and Agreement to Be Bound.

I further certify that I am not employed nor currently engaged by a direct competitor of the Designating Party (as of the time of the execution of this Certification) to this action, nor do I have a current expectation of such engagement, and I will accept no such engagement nor discuss same during the pendency of this action.  If at any time after I execute this Consultant Certification and during the pendency of the action I become engaged in business as a competitor of any person or entity currently a Party to this action, then I will promptly inform the Counsel for the Party who retained me in the action, and I will not thereafter review any Protected Materials unless and until the Court in the action orders otherwise.

I further understand and agree that all Protected Material and work product generated therefrom must be stored and maintained at a location in a secure manner that ensures that access is limited to the persons authorized under this Order.

Finally, I understand and agree that within ten (10) court days after a request by Outside Counsel for the Party for which I have provided services, the termination of my consultancy or the termination of this action, which ever occurs first, I must return or destroy all Designated Material in my possession, custody, or control to Outside Counsel for the Party for which I have provided services.  I further understand and agree that I shall certify my compliance with this requirement and shall deliver such certification to Outside Counsel for the Party that I have provided

PROTECTIVE ORDER                    Case No.: SACV 10-00074 SVW (MLGx)

1   services for no more than ten (10) court days after complying with the

2   aforementioned obligation.

3          I declare under penalty of perjury under the laws of the United States of

4   America that the foregoing is true and correct.

5   Name of Individual:        _____

6   Company or Firm: _____

7   Address:          _____

8   Telephone No.:        _____

9   Relationship to this action and its Parties:        _____

10  _____

11  _____

12  Dated: _____   Signature: _____

13

14  9349712_1
    071410

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER                    Case No.: SACV 10-00074 SVW (MLGx)